NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0338n.06

Case No. 20-2127

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 15, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTOPHER MUSICO, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ORGAN PROCUREMENT AGENCY OF | ) | COURT FOR THE EASTERN |
| MICHIGAN, d/b/a Gift of Life Michigan, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Christopher Musico sued his former employer, "Gift of Life," under the Fair Labor Standards Act (FLSA), seeking backpay for every non-worktime hour since his employment began in 2009. Gift of Life paid Musico for his work. Musico's claim is that he was "on call" during every minute of every day and is entitled to his full rate of pay plus overtime for all that time, even when he was vacationing, beekeeping, dining at restaurants, attending the symphony, sleeping, or otherwise pursuing his personal endeavors. The district court granted summary judgment to Gift of Life and we AFFIRM.

In this appeal, Musico does not contest the district court's recitation of the undisputed facts or its statement of Sixth Circuit law. Musico challenges only the court's determination that no reasonable juror, applying that law to those facts, could conclude that Musico did or could prove the alleged FLSA violation so as to entitle him to the backpay that he was demanding.

The district court set out the undisputed facts, drawn from Musico's deposition testimony and an uncontested stipulation of facts. We proceed on these facts as well.

Gift of Life is a nonprofit corporation that facilitates and coordinates the donation, collection, and delivery of human organs and tissue for transplants. It operates around the clock: 24 hours every day, 365 days every year. Musico is a computer-network expert who worked in the Information Systems (IS) Department where his direct supervisor was David Gee.

Gee hired Musico in 2009 as a Systems Administrator, a full-time, non-exempt position that paid $26.50 per hour plus overtime (150% for any time over 40 hours per week). The job description warned that Gift of Life operated 24 hours/day, 365 days/year, and could require an employee to work overtime. There was no formal on-call policy and that continued to be the case until 2017. Under the informal policy, any Gift of Life employee having a computer problem outside of the ordinary 40-hour workweek would call an IS employee on his or her personal cell phone. If the employee responded, he or she was paid overtime for addressing the problem.

During that time, Gee emphasized to the IS employees that the critical nature of Gift of Life's work required their "24/7/365" attention. According to Musico, Gee would harangue or scold them if they did not respond to after-hours calls for help, and insist they had to respond.

The IS employees wanted a formal on-call policy and made two proposals, one in February 2017 and another in May 2017. Neither was adopted. But in May 2017, Gee changed the informal policy, telling the IS employees that all after-hour calls would go to him, as Department Director, or to Dr. Michael Hagan, Chief Quality Officer and head of the IS Department.

In June 2017, Gee promoted Musico to Senior Systems Administrator. According to the job description, Musico was not on-call, but could be asked to perform tasks after hours and when he was not scheduled to work, and would be paid overtime for doing so.

Meanwhile, in August 2017, Gee continued to move towards a formal on-call policy by creating a new hotline number so that employees with after-hour tech problems could contact Gee

or Hagan. If Gee or Hagan could not handle the problem, they would contact an IS employee for assistance, but it was expressly stated that IS employees were not required to answer.

Between May 2017 and May 2018, Gee attempted on eight occasions to contact Musico after-hours for assistance. Musico answered four or five of those attempts and did not answer the others. Also during that time, another Gift of Life employee attempted to contact Musico directly, by text message, seeking after-hours assistance. Musico did not respond. During his tenure with Gift of Life, Musico never received any discipline. Despite his occasionally refusing to answer calls from Gift of Life employees or his direct supervisor, Gee, Musico never received any warning or formal reprimand, suspension, or reduction in position or pay. Musico says that he felt compelled to answer the calls because, when he did not, Gee would confront him and insist that he needed to answer the calls, though Gee never did so in an aggressive or threating way.

In May 2018, Gee and the IS Department adopted a new, formal on-call procedure that designated an IS employee to be on call. Actually, two specific employees (neither of whom was Musico) alternated weeks as the on-call IS employee. If that employee was unavailable, Gee was the backup. A short time later, Musico approached Gee and asked to be given the position as the backup on-call person, replacing Gee and answering when the primary on-call employee did not answer. Musico received $2 per hour for every off-duty hour that he served as this backup on-call person, except when he took sick leave or personal time off. From May 2018 to December 2018, Musico took 22 after-hour calls and worked 33.5 hours for which he was paid overtime.

In December 2018, Musico became an exempt employee, not entitled to overtime pay. Musico filed this lawsuit in September 2019 and resigned from Gift of Life in November 2019.

Employees who are "on call" during non-working hours may be entitled to wages and overtime, pursuant to FLSA protections, if the employer's on-call restrictions and requirements

"are so onerous as to prevent [the] employees from effectively using the time for personal pursuits." *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 487 (6th Cir. 2006) (relying on and quoting *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 609 (6th Cir. 1992), and 29 C.F.R. § 553.221(d)); *see also* U.S. Dep't of Labor Opinion Letter, 2008 WL 5483054 (Dec. 18, 2008).

According to Musico's testimony, he was not required to—nor did he—tell Gee (or Gift of Life) where he was or what he was doing while he was on call. He went to restaurants, movies, and concerts. He drank alcohol. He traveled out of state on vacation. He is a beekeeper, and he freely tended his bees. Beginning in May 2018, Gift of Life paid him two dollars per hour while he engaged those activities and many others, including sleeping. Musico could have opted out of that position at any time, forgoing the $2 per hour, but he never did.

Musico received fewer than three calls per month, on average, and each call led to about one and a half to three hours of work. When asked at his deposition, "How many times were you actually inconvenienced?" Musico listed three times. One, in June 2016, while he was on a family vacation in Yosemite National Park and an employee called and asked a question, which he answered. Two, in the summer of 2017, when he received a call while he was beekeeping and, though he initially refused to help, he eventually relented and helped. The employee complained about Musico, but Gee assured Musico that he had done nothing wrong. And three, on Christmas Eve of 2016 or 2017, when he was out of town and an employee called to demand that he resolve a software problem. Musico called another IS Department employee who resolved it. Those were the only times that Musico claimed specifically to have been inconvenienced.

Ultimately, the district court found that Musico failed to establish that he was a "24/7/365" on-call employee. Moreover, even if he were, Musico had produced no evidence by which a juror could conclude that Gift of Life's unwritten but implied on-call requirements, as Musico

represented them, were "onerous." Finding that Musico had not produced evidence to meet his burden under the FLSA, the district court granted summary judgment to Gift of Life.

After carefully reviewing the law, the parties' arguments, and the record evidence, we conclude that the district court correctly assessed Musico's evidence and correctly applied the law to that evidence. For the reasons stated by the district court, we **AFFIRM**.